UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KALISTA REDDING, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CASE NO: 1:21-cv-2178 |
| v. | ) |
| | ) |
| NOBLE ROMAN'S, INC., | ) |
| | ) |
| Defendant. | ) |

**PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

## I.   STATEMENT OF THE CASE

1. Plaintiff, Kalista Redding (hereinafter "Kali" or "Plaintiff"), brings her Complaint against Defendant, Noble Roman's, Inc., (hereinafter "Noble Roman's"), for violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. § 2000e *et seq.* Kali contends she was subjected to discrimination based on sex and a sexually hostile work environment, and was constructively discharged due to hostile nature of her work environment.

## II.   PARTIES

2. Kali is female who resides within the geographical boundaries of the Southern District of Indiana.

3. Noble Roman's is an Indiana corporation with a principal office located in Indianapolis, Indiana, with facilities located in and conducting business within the geographical boundaries of the Southern District of Indiana.

### III.   JURISDICTION AND VENUE

4. Kali was an "employee" within the meaning of 42 U.S.C. § 2000e(f).

5. Noble Roman's is an "employer" within the meaning of 42 U.S.C. § 2000e(b).

6. Kali satisfied her obligation to exhaust her administrative remedies by having timely filed her U.S. Equal Employment Opportunity Commission Charge Number 470-2020-00488 against Noble Roman's alleging discrimination in violation of the Civil Rights Act of 1964, as amended, because of her sex, female. Kali received her Notice of Right to Sue from the EEOC on July 15th, 2020, and now timely files her Complaint.

7. Jurisdiction is conferred on this Court by Title VII of the Civil Rights Act of 1964; 42 U.S.C. § 2000e-5, 28 U.S.C. § 1331, and 28 U.S.C. § 1343.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 as all events, transactions and occurrences concerning this matter have arisen in the geographical purview of the Southern District of Indiana.

### IV.   FACTUAL ALLEGATIONS

9. Kali was hired by Noble Roman's in March 2019 as an associate in Defendant's restaurant located 11715 Allisonville Road in Fishers, Indiana. Kali was just 17 years old when she began working at Noble Roman's.

10. In her role as an associate, Kali waited on customers in the restaurant, and provided whatever other services were required by her managers.

11. One of her mangers, Anthony Barber ("Barber"), routinely made sexual comments and innuendo toward Kali.

12. On or about October 8, 2019, Kali asked Barber about his cologne. Barber replied and said, "…yeah. I've had bitches drop their panties over this cologne. I'm gonna put more on tonight for my new boo. She's gonna be like, 'Oh, Daddy.'"

13. Kali responded, saying, "I thought you had a girlfriend?"

14. Barber responded, "I do, but I still do what I want with other girls because my girlfriend has a problem with giving head."

15. Witnessing this conversation was another employee, Alex Dibetta.

16. Kali then went to the front of the restaurant to finish her closing chores. Barber followed her out, asking more sexual questions: "Has a girl ever ate your pussy?"; "Does your boyfriend please you sexually?"; "Do you please him?"; "How many guys have you slept with?"

17. Kali, feeling threatened by the graphic nature of her manager's interrogation, sent a text message to one of her female managers, Olivia Euler ("Euler"), on October 9, 2019, describing in detail the conversation with Barber.

18. Euler responded that Barber's comments were inappropriate, and also stated that Kali was not the first young employee to complain about Barber's sexually harassing behavior.

19. On October 10, Kali reported Barber's behavior to store manager, Steve McDonald ("McDonald"). McDonald said that he would talk to Barber, and that if it happened again, he would be terminated.

20. Not comfortable with the resolution proposed by McDonald, Kali felt she had no choice but to quit her job, and she resigned the following day.

V. **LEGAL ALLEGATIONS**

**1. Sexual Harassment and Sexually Hostile Work Environment**

21. Kali hereby incorporates paragraphs one (1) through (20) as set forth herein.

22. Kali was sexually harassed by Barber, her supervisor, because of her sex, female.

23. The sexual harassment subjected Kali to a hostile work environment that was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive working environment.

24. The harassment was sufficiently severe or pervasive that it altered the conditions of Kali's employment and created an intimidating, hostile, offensive, and abusive working environment.

25. Noble Roman's failed to take reasonable steps to prevent the harassment once it knew, or should have known, of the reasonable probability that the harassment would occur.

26. Noble Roman's failure to discover or prevent the harassment gave rise to a hostile work environment.

27. Noble Roman's failed to remedy or prevent a hostile or offensive work environment of which it knew, or should have known.

**2. Negligence of Noble Roman's – Unreasonably Responding to Serial Harasser**

28. Kali hereby incorporates paragraphs one (1) through (27) as set forth herein.

29. Noble Roman's own acts or omission in responding unreasonably to the allegations of sexual harassment against Barber manifested indifference or unreasonableness in light of the facts Noble Roman's knew or should have known.

30. Noble Roman's failed to warn other employees based on its direct knowledge or constructive knowledge of Barbers' prior acts and inappropriate behavior.

31. Noble Roman's failed to adequately supervise Barber after they had direct or constructive knowledge of past complaints.

32. Noble Roman's responsibility to prevent future harassment is heightened where it is dealing with a known serial harasser, such as Barber, and is therefore on clear notice that the same employee engaged in inappropriate behavior in the past.

33. Noble Roman's failure to investigate Barber's previous incidents of sexual harassment or to take reasonable steps designed to prevent future harassment manifested indifference or unreasonableness in light of the facts Noble Roman's knew or should have known, given the fact that Noble Roman's management and owners knew or should have known that Barber had previously harassed other female employees.

34. Noble Roman's failed to take any corrective action reasonably calculated to end Barber's pattern of harassment such as warning him that sexual harassment would not be tolerated or monitoring his behavior to ensure that he did not sexually harass Kali, or other women at Noble Roman's.

35. Noble Roman's reprimand of Barber is insufficient as a corrective action to preclude liability, particularly in light of the fact that Noble Roman's knew or should have known that Barber had sexually harassed other young women in the past.

36. As a result of Noble Roman's actions, Kali has sustained damages including but not limited to economic loss, loss of reputation, loss of enjoyment of life, mental anguish and emotional injury.

37. Noble Roman's actions and omissions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* as amended.

## VI. REQUESTED RELIEF

WHEREFORE the Plaintiff, Kalista Redding, requests that judgment of this Court be held in her favor as follows:

1. Order Noble Roman's to pay any and all lost wages and the monetary value of all benefits associated with her employment;
2. Order Noble Roman's to pay compensatory damages for the mental anguish and consequential harm suffered by Plaintiff;
3. Order Noble Roman's to pay Plaintiff's reasonable attorney fees and costs;
4. Order Noble Roman's to pay interest on all sums recoverable; and
5. Award to Plaintiff all other relief that is just and proper in the premises.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, Kalista Redding, by counsel, demands a trial by jury on all issues deemed so triable.

Respectfully submitted,

GOODIN ABERNATHY, LLP

/s/ Christopher E. Clark
Christopher E. Clark, #18577-29
*Attorney for Plaintiff*

GOODIN ABERNATHY, LLP
301 East 38th Street
Indianapolis, IN 46205
P: 317/843-2606
F:  317/574-3095
cclark@goodinabernathy.com
03-107